IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GREGORY E. COLLINS-BEY, #B-18699,**

**Plaintiff,**

**v.**

**DONALD N. SNYDER, JR., ROGER COWAN, GARY KNOP, EUGENE MCADORY, TOM MAUE, PAM GRUBMAN, LT. ASHBY, GEORGE WELBORN, and CAPTAIN LYERLA,**

**Defendants.**                                No. 01-CV-05-DRH

### ORDER

**HERNDON, District Judge:**

This matter comes before the Court on the motion of Plaintiff Gregory E. Collins-Bey ("Plaintiff"). (Doc. 58.) Plaintiff's motion concerns two discovery requests: a request for production of documents, and a set of interrogatories. Plaintiff seeks an expedited response from Defendants, or, in the alternative, an order precluding Defendants from introducing evidence "on these topics or subject matter." (*Id.*) Trial is set to begin on January 9, 2006. Plaintiff filed his motion on December 8, 2005, and sent his requests to Defendants on December 9, 2005, exactly one month before trial. (Doc. 60, Ex. 1.)

The Court denies Plaintiff's motion. To begin with, the discovery

deadline in this case was February 20, 2004. (Doc. 17.) That deadline has since passed. Plaintiff has not requested an extension, nor has explained why one would be warranted. Additionally, Plaintiff has failed to provide certification that he made a good-faith attempt to confer with Defendants prior to filing his motion, as required by **Federal Rule of Civil Procedure 37(a)(2)**.[1]  Defendants, in fact, affirmatively indicate that no such attempt was made.[2]  This runs directly counter to the procedure set forth by the Federal Rules. **FED. R. CIV. P. 37(a)(2)**. Finally, contrary to Plaintiff's suggestion, at least some of Plaintiff's requested materials do not appear to be "accessible only to Defendants." (Doc. 58.) For example, though Plaintiff asks Defendants to produce "[a]ll grievances filed by Plaintiff from January 1, 2000, through December 2002," the final pretrial report states that Plaintiff's Exhibits 1-16 consist of "Grievances filed and responses." (Doc. 41.) This fact is inconsistent with Plaintiff's assertion that Defendant maintains sole control of his requested documents.

For these reasons, the Court is unwilling to shoulder Defendants with

---

[1] "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to ensure the disclosure without court action." **FED. R. CIV. P. 37(a)(2)(A)**.

[2] Defendant states that "Plaintiff neither conferred nor attempted to confer with counsel for the Defendants on this discovery issue before filing his motion. . . . In fact, the Plaintiff did not even bother to send the Defendants a copy of the discovery requests he is seeking to compel "expedited" responses to, until the day after he filed his motion with the Court." (Doc. 60, pp. 1-2.)

the burden of responding to Plaintiff's requests.  Plaintiff's motion is **DENIED**.  (Doc. 58.)

        **IT IS SO ORDERED**.

Signed this 29th day of December, 2005.


                      /s/          David RHerndon
                      **United States District Judge**